**Frontier Law Center**
Robert Starr (183052)
Adam Rose (210880)
Manny Starr (319778)
23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433
E-Mail: robert@frontierlawcenter.com
         adam@frontierlawcenter.com
         manny@frontierlawcenter.com

Counsel for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYNITA ZEARFOSS, and TRACY SWAN on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br>v.<br>RUBBERMAID, INC., and NEWELL BRANDS, INC.,<br><br>  Defendant. | Case No.<br>**CLASS ACTION**<br>**COMPLAINT**<br>1. **Breach of Express Warranty**<br>2. **Breach of Implied Warranty**<br>3. **Violation of Consumer Legal Remedies Act**<br>4. **Violation of False Advertising Law**<br>5. **Violation of Unlawful Prong of the Unfair Competition Law**<br>6. **Violation of the Fraudulent Prong of the Unfair Competition Law**<br>7. **Violation of the Unfair Prong of the Unfair Competition Law**<br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT

Plaintiffs Dynita Zearfoss and Tracy Swan ("Plaintiffs") allege the following:

## NATURE OF ACTION

1. This is a prospective class action against Rubbermaid, Inc. and Newell Brand's, Inc. f/k/a Newell Rubbermaid, Inc. (collectively, "Rubbermaid" or "Defendant") for representing that FreshWorks Produce Saver products ("FreshWorks Produce Saver Products" or the "Products") keep produce fresh up to 80% longer than store packaging (the "Claim"). As alleged in the complaint, the Claim set forth on the product packaging is false and misleading.

2. Defendant's dissemination of the Claim to California consumers constitutes violations of California's False Advertising law ("FAL"), the unfair, unlawful and fraudulent prongs of the Unfair Competition Law ("UCL"), and Consumer Legal Remedies Act ("CLRA"), as well as breaches of express and implied warranties. The FreshWorks Produce Saver Products do not keep produce fresh up to 80% longer than store packaging.

3. As a result of Defendant's false and misleading advertising claims and marketing practices, Plaintiffs and the class members were induced into purchasing and paid a substantial premium for the Products because they were deceived into believing that they were purchasing a product that would keep their produce fresh 80% longer than store packaging. As a result, Plaintiffs and the class members were injured in fact and suffered ascertainable and out-of-pocket losses.

## THE PARTIES

4. Plaintiff Dynita Zearfoss is a resident of Los Angeles County. She purchased FreshWorks Produce Saver Products in approximately May 2017, at Target and Costco locations near her home. The Product packaging prominently displayed the up to 80% longer Claim. The Products did not keep her produce fresh appreciably longer as advertised. Plaintiff Zearfoss would not have purchased the product if she knew that the Claim was false and misleading.

5. Tracy Swan is a resident of Fresno County. She purchased a FreshWorks Produce Saver Product from a major retailer near her home. The Product packaging prominently displayed the Claim. The Product did not keep her produce fresh longer as advertised. Plaintiff Swann would not have purchased the product if she knew that the Claim was false and misleading.

6. Defendant Newell Brands, Inc., f/k/a Newell Rubbermaid, Inc. ("Newell"), is a Delaware corporation with its principal place of business in Hoboken, New Jersey.

7. Defendant Rubbermaid, Inc. is a Delaware corporation with its principal place of business in Atlanta, Georgia.  It is a wholly owned subsidiary of Newell, Collectively, Newell and Rubbermaid, Inc. are hereafter referred to as ("Rubbermaid" or "Defendant").

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class Members, the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

10. Defendant markets and sells a line of food storage containers called FreshWorks Produce Saver Products.  The Product is individually and in multipacks of various sizes.

11. Defendant maintains that the Product is capable of keeping produce fresh up to 80% longer than store packaging.

12. The outside packaging for the Product prominently states in large bold print "Keeps Produce Fresh Up To **80% LONGER**.* Moreover, the product packaging features a photo of an assortment of produce including, a leafy green vegetable, blueberries and strawberries.

13. The Claim is prominently featured on the outside packaging of the Product. The packaging also includes the following fine print disclaimer in faint typeface on the label: "<sub>*Based on strawberries in FreshWorks™ containers vs. store packaging.</sub>" Inserted below is photograph of the product packaging. The tiny disclaimer is located in the bottom center of the label.

*FreshWorks Large Size Container*

14. The Claim has been reinforced on Defendant's website and in its marketing and advertising materials, where Defendant has stated: "The Rubbermaid FreshWorks Produce Saver is the key to preserving produce up to 80% longer.* Revolutionary FreshVent technology regulates oxygen and carbon dioxide, while the CrispTray helps reduce moisture and spoilage. Produce stays fresher, longer;"

CLASS ACTION COMPLAINT                                3

"FreshVent technology regulates flow of oxygen and carbon dioxide for the ideal produce environment."



15. Defendant's up to 80% longer Claim is bolstered by their statement that FreshWorks containers create an optimal environment for all produce. However, this statement is also false and misleading because there is no optimal environment for produce. Produce includes a large diverse group of plants including leafy greens, beans, root vegetables, fleshy vegetables, citrus fruits, berries and pome fruits (like apples and pears). Some produce stays fresher in ultra-high humidity conditions and others lower humidity environments. For instance, lettuce thrives in an extremely high humidity environment of 98-100%. Whereas other produce stays fresher longer

in lower humidity environments. Moreover, other variables such as ethylene gas production, storage temperature, and respiration rates, interact with the humidity to determine the rate at which a particular produce item will lose its freshness.

16. The Claim is false and misleading to reasonable consumers.

17. Plaintiffs used the product as directed. They observed that the Product did not keep their product fresh when used as directed under normal circumstances for up to 80% longer than store packaging.

18. Similarly, an independent consumer products organization which conducts unbiased product testing determined that the Product did not keep produce much fresher than the original containers. Under the organization's testing conditions raspberries stored in FreshWorks containers were moldy after only two weeks.

19. Moreover, the National Advertising Division of the Better Business Bureau raised substantial questions about Defendant's methodology when conducting its own clinical testing. For example, Defendant's testing methodology provided that a package would be determined to be "fresh" when any amount less than fifty percent of the produce in the package was spoiled. Moreover, the NAD noted that Defendant only tested strawberries and not other produce, which are known to have optimal humidity and other storage conditions that differ great from other product items. The NAD recommended that Defendant discontinue to the claim.

20. Defendant vowed to appeal the NAD decision and maintained that no reasonable consumer would expect the represented 80% longer benefit to apply in all situations.

21. With respect to "up to claims," like this, the Federal Trade Commission has observed that these statements can be misleading unless consumers are likely to achieve the maximum results under normal circumstances.

22. The Product fails to satisfy the Federal Trade Commission standard for up to claims or any standard that a reasonable consumer would apply to the Claim.

# CLASS ACTION ALLEGATIONS

23. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23 on behalf of a Class consisting of all persons in the United States who, within the relevant statute of limitations period, purchased FreshWorks Produce Saver Products.

24. Pursuant to L.R. 23-2.1, the case is maintainable as a class action pursuant to Fed. R. Civ. P. 23(b)(3).

25. Plaintiffs also seek to represent a subclass defined as all members of the Class who purchased FreshWorks Produce Saver Products in California ("the California Subclass").

26. The Class is so numerous that joinder of all members is impractical. Although Plaintiffs do not yet know the exact size of the Class, the Product is sold in major retail stores across the State, including stores such as Target, Costco and Wal-Mart. On information and belief, the Class includes more than one hundred thousand members.

27. The Class is ascertainable because the Class Members can be identified by objective criteria – the purchase of FreshWorks Produce Saver Products during the Class Period. Individual notice can be provided to Class Members "who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).

28. Pursuant L.R. 23-2.2, there are numerous questions of law and fact common to the Class which predominate over individual actions or issues, including but not limited to:

    (a) Whether Defendant breached an express warranty made to Plaintiffs and the Class;

    (b) Whether Defendant breached the implied warranty of fitness for a particular purpose;

    (c) Whether Defendant's product packaging and marketing of the Product is false, misleading, and/or deceptive;

    (d)    Whether Defendant's marketing of the Product is an unfair business practice;

    (e)    Whether Defendant was unjustly enriched by its conduct;

    (f)    Whether Defendant violated the CLRA;

    (g)    Whether Defendant violated the UCL;

    (h)    Whether Defendant violated the FAL;

    (i)    Whether Class Members suffered an ascertainable loss as a result of Defendant's misrepresentations; and

    (j)    Whether, as a result of Defendant's misconduct as alleged herein, Plaintiffs and the Class Members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

29. Plaintiffs' claims are typical of the claims of other prospective Class member as all members of the Class are similarly affected by Defendant's wrongful conduct. Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs and all members of the Class have sustained economic injury arising out of Defendant's violations of common and statutory law as alleged herein.

30. Plaintiffs are adequate representatives of the Class because their interests do not conflict with the interests of the Class Members they seek to represent, they have retained counsel competent and experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

31. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiffs and the Class Members.

## First Cause of Action
## Breach of Express Warranty
## By All Class Members Against All Defendants

32. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

33. Plaintiffs bring this Count individually and on behalf of the members of the Class.

34. In connection with the sale of FreshWorks Produce Saver Products, Defendant issued express warranties including the warranty that FreshWorks Produce Saver Products would keep produce fresh up to 80% longer than store packaging.

35. Defendant's affirmations of fact and promises made to Plaintiffs and the Class on FreshWorks Produce Saver Products on the product packaging was bolstered by Defendant's advertising and public statements, became part of the basis of the bargain between Defendant on the one hand, and Plaintiffs and the Class Members on the other, thereby creating express warranties that FreshWorks Produce Saver Products would conform to Defendant's affirmations of fact, representations, promises, and descriptions.

36. Defendant breached its express warranties because FreshWorks Produce Saver Products do not keep produce fresh up to 80% longer than store packaging.

37. Plaintiffs and the Class Members were injured as a direct and proximate result of Defendant's breach because: (a) they would not have purchased FreshWorks Produce Saver Products if they had known the true facts; (b) they paid a premium for FreshWorks Produce Saver Products due to the mislabeling; and (c) FreshWorks Produce Saver Products did not have the quality, effectiveness, or value as promised.

## Second Cause of Action

## Breach of Implied Warranty of Fitness for a Particular Purpose

## By All Class Members Against All Defendants

38. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

39. Plaintiffs bring this Count individually and on behalf of the members of the Class.

40. Defendant marketed, distributed, and/or sold FreshWorks Produce Saver Products with implied warranties that they were fit for the particular purpose of keeping produce fresh up to 80% longer than store packaging.

41. In reliance on Defendant's skill and judgment and the implied warranties of fitness for the purpose of keeping produce fresh for up to 80% longer than store packaging, Plaintiffs and the Class Members purchased FreshWorks Produce Saver Products.

42. Plaintiffs and the Class Members were injured as a direct and proximate result of the breach because: (a) they would not have purchased FreshWorks Produce Saver Products if the true efficacy had been known; (b) they paid an increased price for FreshWorks Produce Saver Products based on Defendant's representations regarding the Products' properties and efficacy; and (c) Produce Saver Products did not have the characteristics, uses, or benefits as promised. As a result, Plaintiffs and the Class Members have been damaged.

## Third Cause of Action

## Violation of the Consumer Legal Remedies Act

## By California Subclass Against All Defendants

43. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

44. Plaintiffs bring this Count individually and on behalf of the California Subclass.

45. Plaintiffs and the California Subclass Members are consumers who purchased FreshWorks Produce Saver Products for personal, family, or household purposes. Accordingly, Plaintiffs and the California Subclass Members are "consumers" as that term is defined by the CLRA in Cal. Civ. Code § 1761(d). Plaintiffs and the California Subclass Members are not sophisticated experts with independent knowledge of the alleged scientific principles behind or efficacy of FreshWorks Produce Saver Products.

46. At all relevant times, FreshWorks Produce Saver Products constituted a "good" as that term is defined in Cal. Civ. Code § 1761(a).

47. At all relevant times, Defendant was a "person" as that term is defined in Civ. Code § 1761(c).

48. At all relevant times, Plaintiffs' purchase of FreshWorks Produce Saver Products, and the purchases of Freshworks Produce Saver Products by other Class Members, constituted "transactions" as that term is defined in Cal. Civ. Code § 1761(e). Defendant's actions, representations, and conduct has violated, and continues to violate the CLRA, because they extend to transactions that intended to result, or which have resulted in, the sale of FreshWorks Produce Saver Products to consumers.

49. The policies, acts, and practices described in this Complaint were intended to and did result in the sale of FreshWorks Produce Saver Products to Plaintiffs and the Class. Defendant's practices, acts, policies, and course of conduct violated the CLRA §1750 *et seq.* as described above.

50. Defendant represented that Freshworks Produce Saver Products had sponsorship, approval, characteristics, uses, and benefits which it did not have in violation of Cal. Civ. Code § 1770(a)(5).

51. Defendant represented that FreshWorks Produce Saver Products was of a particular standard, quality, and grade, when it was another, in violation of California Civil Code § 1770(a)(7).

52. Defendant violated California Civil Code §§ 1770(a)(5) and (a)(7) by representing that FreshWorks Produce Saver Products keep produce fresh up to 80% longer than store packaging, when they did and do not.

53. Defendant advertised FreshWorks Produce Saver Products with the intent not to sell them as advertised in violation of § 1770(a)(9) of the CLRA since the FreshWorks Produce Saver Products do not keep produce fresh up to 80% longer than store packaging.

54. Plaintiffs and the Class Members suffered injuries caused by Defendant's misrepresentations because: (a) Plaintiffs and the Class Members would not have purchased FreshWorks Produce Saver Products if they had known the true facts; (b) Plaintiffs and the Class paid an increased price for FreshWorks Produce Saver Products due to the mislabeling of FreshWorks Produce Saver Products; and (c) FreshWorks Produce Saver Products did not have the level of quality, effectiveness, or value as promised.

55. Prior to the filing of this Complaint, a CLRA notice letter was served on Defendant which complies in all respects with California Civil Code § 1782(a).

56. Wherefore, Plaintiffs seek damages, restitution, and injunctive relief for this violation of the CLRA.

**Fourth Cause of Action**

**Violation of the False Advertising Law**

**By California Subclass Against All Defendants**

57. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

58. Plaintiffs bring this Count individually and on behalf of the California Subclass.

59. California's FAL (Bus. & Prof. Code §§17500, *et seq.*) makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

60. Throughout the Class Period, Defendant committed acts of false advertising, as defined by the FAL, by using false and misleading statements to promote the sale of FreshWorks Produce Saver Products, as described above, and including, but not limited to, representing that FreshWorks Produce Saver Products keep produce fresh up to 80% longer than store packaging.

61. Defendant knew or should have known, through the exercise of reasonable care, that their statements were untrue and misleading.

62. Defendant's actions in violation of the FAL were false and misleading such that the general public is and was likely to be deceived.

63. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's FAL violation because: (a) Plaintiffs and the Class would not have purchased FreshWorks Produce Saver Products if they had known the true facts regarding the effectiveness of FreshWorks Produce Saver Products; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about FreshWorks Produce Saver Products; and (c) FreshWorks Produce Saver Products did not have the promised quality, effectiveness, or value.

64. Plaintiffs bring this action pursuant to Bus. & Prof. Code § 17535 for injunctive relief to enjoin the practices described herein and to require Defendant to issue corrective disclosures to consumers. Plaintiffs and the California Subclass are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

## Fifth Cause of Action

## Violation of the "Unlawful Prong" of the Unfair Competition Law

## By California Subclass Against All Defendants

65. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

66. Plaintiffs bring this Count on behalf of the California Subclass.

67. The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …." The UCL also provides for injunctive relief and restitution for UCL violations.

68. "By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the UCL makes independently actionable." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) (citations and internal quotation marks omitted).

69. Virtually any law or regulation – federal or state, statutory, or common law – can serve as a predicate for an UCL "unlawful" violation. *Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1383 (2012).

70. Defendant violated the "unlawful prong" by violating the CLRA, and the FAL, as well as by breaching express and implied warranties as described herein.

71. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "unlawful prong" violation because: (a) Plaintiffs and the Class would not have purchased FreshWorks Produce Saver Products if they had known the true facts regarding the effectiveness and contents of FreshWorks Produce Saver Products; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about FreshWorks Produce Saver Products; and (c) FreshWorks Produce Saver Products did not have the promised quality, effectiveness, or value.

72. Pursuant to Bus. & Prof. Code §17203, Plaintiffs and the California Subclass are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) attorneys' fees and costs pursuant to Code of Civil Procedure §1021.5.

### Sixth Cause of Action
### Violation of the "Fraudulent Prong" of the Unfair Competition Law
### By California Subclass Against All Defendants

73. Plaintiffs repeat the allegations contained in the paragraphs above as if fully set forth herein.

74. Plaintiffs bring this Count on behalf of the California Subclass.

75. The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

76. Defendant's conduct, described herein, violated the "fraudulent" prong of the UCL because Defendant expressly and impliedly represented that FreshWorks Produce Saver Products keep produce fresh up to 80% longer than store packaging. Plaintiffs and the California Subclass Members are not sophisticated experts with independent knowledge of the formulation or efficacy of FreshWorks Produce Saver Products, and they acted reasonably when they purchased FreshWorks Produce Saver Products based on their belief that Defendant's express and implied representations were true.

77. Defendant knew or should have known, through the exercise of reasonable care, that their representations about FreshWorks Produce Saver Products were untrue and misleading.

78. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "fraudulent prong" violation because: (a) Plaintiffs and the Class would not have purchased FreshWorks Produce Saver Products if they had known the true facts regarding the effectiveness of FreshWorks Produce Saver Products; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about Freshworks Produce Saver Products; and (c) FreshWorks Produce Saver Products did not have the promised quality, effectiveness, or value.

79. Pursuant to Bus. & Prof. Code §17203, Plaintiffs and the California Subclass are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

## Seventh Cause of Action

## Violation of the "Unfair Prong" of the Unfair Competition Law

### By California Subclass Against All Defendants

80. Plaintiffs repeats the allegations contained in the paragraphs above as if fully set forth herein.

81. Plaintiffs bring this Count on behalf of the California Subclass.

82. The UCL, Bus. & Prof. Code § 17200 *et seq.*, provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

83. Defendant's misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits. Defendant's conduct is unfair in that the harm to Plaintiffs and the Class arising from Defendant's conduct outweighs the utility, if any, of those practices.

84. Defendant's practices as described herein are of no benefit to consumers who are tricked into believing FreshWorks Produce Saver Products keep produce fresh up to 80% longer than store packaging.

85. As a direct and proximate result of these acts, consumers have been and are being harmed. Plaintiffs and members of the Class have suffered injury and actual out-of-pocket losses as a result of Defendant's UCL "unfair prong" violation because: (a) Plaintiffs and the Class would not have purchased FreshWorks Produce Saver Products if they had known the true facts regarding the effectiveness and contents of FreshWorks Produce Saver Products; (b) Plaintiffs and the Class paid an increased price due to the misrepresentations about FreshWorks Produce Saver Products; and (c) FreshWorks Produce Saver Products did not have the promised quality, effectiveness, or value.

86. Pursuant to Bus. & Prof. Code §17203, Plaintiffs, and the California Subclass are therefore entitled to: (a) an order requiring Defendant to cease the acts of unfair competition alleged herein; (b) full restitution of all monies paid to Defendant as a result of their deceptive practices; (c) interest at the highest rate allowable by law; and (d) the payment of Plaintiffs' attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure §1021.5.

**WHEREFORE**, Plaintiffs pray for relief and judgment, as follows:

A. Determining that this action is a proper class action;

B. For an order declaring that the Defendant's conduct violates the statutes referenced herein;

C. Awarding compensatory and punitive damages in favor of Plaintiffs, members of the Class, and the California Subclass against Defendant for all damages sustained as a result of the Defendant's wrongdoing, in an amount to be proven at trial, including interest thereon;

D. Awarding injunctive relief against Defendant to prevent continuing their ongoing unfair, unconscionable, and/or deceptive acts and practices;

E. For an order of restitution and/or disgorgement and all other forms of equitable monetary relief;

F. Awarding Plaintiffs and members the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

G. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims so triable in this action.

Dated: July 22, 2018          FRONTIER LAW CENTER

/s/ Robert L. Starr
Robert L. Starr (183052)
Adam Rose (210880)

Manny Starr (319778)
23901 Calabasas Rd, Suite 2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433
E-Mail:  robert@frontierlawcenter.com
         adam@frontierlawcenter.com
         manny@frontierlawcenter.com

Attorneys for Plaintiffs